UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY TODD LAWSON,

Petitioner,

v.

DAVID COOK, *et al*.,

Respondents.

CASE NO. 3:26-cv-05480-RAJ-GJL

ORDER DECLINING SERVICE
AND TO SHOW CAUSE

This action has been referred to United States Magistrate Judge Grady J. Leupold. On May 6, 2026, Petitioner Billy Todd Lawson, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1-1. Having reviewed the Petition, it appears Petitioner's claims for federal habeas relief are likely barred under the *Younger* abstention doctrine. Therefore, the Court **DECLINES** to direct service of the Petition and, instead, Petitioner is **ORDERED** to **SHOW CAUSE on or before June 25, 2026**, why this action **should not be dismissed**.

//

//

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 1

## I.    BACKGROUND

Petitioner, a pretrial detainee currently housed at the Clark County Jail, alleges that his current detention pursuant to an ongoing state criminal prosecution is unlawful based on issues related to his representation by counsel. Dkt. 1-1 at 6–7.

Specifically, Petitioner alleges that his court-appointed attorney withdrew from representation on April 17, 2026, explaining that personal obligations and an overloaded case schedule hindered counsel's ability to adequately represent Petitioner. *Id.* at 6. Petitioner further alleges that his prior counsel failed to communicate with him during his incarceration, that he has not received discovery in his criminal case, and that he has remained without legal representation since April 17, 2026. *Id.* Petitioner alleges that the state trial court held a hearing for appointment of new counsel on April 23, 2026, but no attorney was available at that time. *Id.* at 7. According to the Petition, the next hearing regarding appointment of counsel was scheduled for May 6, 2026. *Id.* at 7.

Based on these allegations, Petitioner contends that his continuing incarceration without legal representation during the pendency of his state criminal proceedings constitutes a "violation of my constitutional rights of the United States." *Id.*

## II.    SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as

---

[1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 2

failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *See Race v. Salmonsen*, 131 F.4th 792, 794 (9th Cir. 2025).

### III.    DISCUSSION

Upon review, the Court concludes that federal adjudication of the petition is barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All the requirements for *Younger* abstention appear to be satisfied here. First, Petitioner challenges matters arising from his ongoing state criminal prosecution. *See* Dkt. 1-1. Second, the ongoing state criminal proceedings implicate important state interests. Third, Petitioner has not demonstrated that the state proceedings do not provide an adequate opportunity to raise his constitutional claims. To the contrary, Petitioner acknowledges that the state trial court has held

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 3

at least one hearing regarding appointment of counsel and another such hearing was scheduled for May 6, 2026. *Id.* at 6–7. Thus, Petitioner's own allegations demonstrate that opportunities remain for him to address his concerns in state court. Fourth, the relief Petitioner seeks would interfere with, or otherwise have the practical effect of enjoining, Petitioner's pending state criminal proceedings. Finally, Petitioner has not shown bad faith, harassment, or other extraordinary circumstances warranting federal intervention at this time.[2]

Accordingly, if Petitioner intends to proceed in this action, he must show cause why the Petition should not be dismissed under the *Younger* abstention doctrine.

### IV.   CONCLUSION

For the reasons set forth above, the Court **DECLINES** to direct service of the Petition in accordance with Rule 4 of the Habeas Rules. Instead, Petitioner is **ORDERED** to **SHOW CAUSE not later than June 25, 2026,** why the Petition should not be dismissed under the *Younger* abstention doctrine. Failure to respond to this Order or adequately address the issues addressed herein by the stated deadline **MAY** result in a **RECOMMENDATION this action be dismissed**.

Dated this 26th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

---

[2] *See Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that, under *Younger*, a pretrial detainees must raise ineffective assistance of counsel claims in his ongoing criminal proceeding, not in a separate federal action); *Rayner v. City of Louisville Metro*, No. CIV A 3:09-CV-P488-M, 2009 WL 2382434 (W.D. Ky. July 30, 2009) (applying *Younger* abstention to ineffective assistance of counsel claim alleging criminal defendant was "forced" to undertake self-representation in ongoing prosecution) (citing *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003)).

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 4